### W. A. Koch, Appellee, v. The Home Insurance Com-pany, New York, Appellant.

INSURANCE, § 485*—*when award made by appraisers no bar to action on policy.* An award made by appraisers under the provisions of a policy of insurance on an automobile, *held* no bar to a suit on the policy and not admissible in evidence in such action, where it appeared that the appraiser for the insured refused to consent to the award, that there was no pretense that either of the ap-praisers who signed the award had any knowledge whatever of the value of the car at the time of its loss or the extent of the loss or damage, and that they made no conscientious effort to ascertain such facts before making the award.

Appeal from the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 27, 1913. *Certiorari* denied by Supreme Court (making opinion final).

McCORMICK & MURPHY, for appellant.

BEACH & TRAPP, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an action of *assumpsit* brought by appellee

to recover for the loss by fire of an automobile under a policy of insurance issued by appellant Company. The jury returned a verdict in favor of the plaintiff assessing his damages at $1,157.58, for which amount judgment was rendered.

The declaration declares specially upon the policy of insurance and to which were appended also the common counts. The defendant filed a plea of the general issue and two special pleas, one a plea of arbitration and award and the other a plea of tender of the amount fixed by the award. Plaintiff filed replications to these special pleas. The policy insured the plaintiff against actual loss and damage by fire to a 1910 model, Davis 45 H. P., five-passenger automobile to an amount not exceeding $1,500, then owned and used by plaintiff in his business of practicing physician and surgeon. The automobile caught fire on the public highway near San Jose, Illinois, June 13, 1912, while being driven from Pekin to Middletown. The fire originated from a gasoline leakage in the drip pan and the car was substantially destroyed.

The policy of insurance contained a provision that in the event of disagreement as to the amount of loss or damage the same shall be ascertained by two competent and disinterested appraisers, the insured and the Company each to select one, and the two so chosen to select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately the sound value and damage, and failing to agree shall submit their differences to the umpire; and the award of any two shall determine the amount of such loss and damage. The plaintiff and the defendant being unable to agree as to the amount of the loss or damage to be paid, consented to resort to an arbitration or appraisal under this provision of the policy and entered into a written agreement to that effect, each party appointing an appraiser and the appraisers selected an umpire. An award was made fixing the value of the car at the time it was

burned at $875, finding the loss to be $825 and the salvage $50. Plaintiff refused to abide by this award and brought this suit to recover under the policy. Upon the trial the defendant Company sought to introduce the agreement for the appraisement and the award, under its special pleas. The trial court sustained an objection to the admission of this evidence and it is conceded by counsel for appellant that the ruling of the trial court in this regard is the only question to be considered on this appeal, as all the other errors assigned are collateral to and are the natural sequence following the court's action in refusing to admit said evidence.

There is no dispute in the evidence as to the method the appraisers pursued in making the award in question. The appraisers met in Chicago; two of them had never seen the car, none of them had seen the car after it was damaged by fire; they gave no notice to the plaintiff of the time or place of the meeting; took no evidence whatever; made no effort to ascertain the condition or value of the car immediately prior to the time it was injured by fire; made no effort whatever to ascertain the extent of the damage caused by the fire; and, in fact, did not have, and made no effort to obtain, any knowledge whatever of the matter in which they were selected to arbitrate and to adjust the rights as between the parties.

On the contrary, they arbitrarily fixed the value of the car and the loss and the salvage at the amounts heretofore stated. The appraiser selected by the plaintiff refused to consent to such an award and the award was made by defendant's appraiser and the umpire and signed by them. There is no pretense that either one of the appraisers who signed this award had any knowledge whatever of the actual value of the car at the time it was burned or the extent of the loss or damage by fire, but it is contended by appellant that these appraisers were appointed as experts simply to make an appraisement and that it was not an arbitration,

and that said appraisers were not required to take any evidence or give any notice to the parties, but they were only required to fix the loss or damage by fire from their expert knowledge of such matters. We do not deem it necessary to decide whether this was an arbitration, or simply an appraisement to be controlled only by the expert knowledge of the appraisers as contended by appellant. Whether it was an arbitration or an appraisement there must have been at least some conscientious effort made to ascertain what the facts were before they attempted to determine the rights of the parties. We do not see how it would require any expert knowledge to make the appraisement that was made in this case. A great many authorities have been cited by counsel for appellant on the questions of arbitration and appraisement, but none of them announce a doctrine that would uphold an award made by the appraisers under the circumstances shown by the evidence in this record. Such an award cannot be sustained as a bar to plaintiff's right of action under the policy.

The trial court did not err in sustaining the objection to the admission in evidence of the agreement to arbitrate and the award made thereunder, and as the amount of the verdict is fully sustained by the evidence the judgment of the Circuit Court is affirmed.

*Affirmed.*